# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**ASHLEY WILLIAMS,**

      **Plaintiff,**

**vs.**                                       **Case No. 4:21cv329-AW-MAF**

**CALIBER HOME LOANS, INC.,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On August 9, 2021, the pro se Plaintiff filed a document entitled "petition for a verification of debt," ECF No. 1, and paid the filing fee. Prior to review of this case by the undersigned, Plaintiff requested issuance of a summons, and the Clerk complied, providing Plaintiff with a summons for the Defendant on August 16, 2021. Noting that the Clerk's Office had already issued the summons, ECF No. 3, an Order was entered on August 18, 2021, providing guidance to the Plaintiff as to the requirements for service. ECF No. 4.

On August 27, 2021, a notice of appearance of counsel was filed for the Defendant, ECF No. 5, along with a motion to dismiss the complaint,

ECF No. 6.  Plaintiff has been directed, several times, to file a proper response in opposition to Defendant's motion.  ECF Nos. 7, 9, 11, and 14. Plaintiff submitted an amended response, ECF No. 16, on November 17, 2021.  Defendant's motion to dismiss is ready for a ruling.

**Motion to Dismiss, ECF No. 6**

Defendant contends that this case should be dismissed because Plaintiff did not properly serve the Defendant.  ECF No. 6 at 3.  Further, Defendant argues that the case initiating "petition" fails to demonstrate federal subject matter jurisdiction exists, or that Plaintiff has suffered an injury in fact or faces imminent injury.  *Id.*  Further, Defendant states that Plaintiff's "show me the note" theory has been repeatedly rejected and the petition fails to comply with Rule 8's pleading requirements.  *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly,

550 U.S. at 570, 127 S. Ct. 1955).[1]  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal,

556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127

S. Ct. at 1965); see also Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir.

2019).  "The plausibility standard" is not the same as a "probability

requirement," and "asks for more than a sheer possibility that a defendant

has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S.

at 556).  A complaint that "pleads facts that are 'merely consistent with' a

defendant's liability," falls "short of the line between possibility and

plausibility."  Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at

557).

The pleading standard is not heightened, but flexible, in line with Rule

8's command to simply give fair notice to the defendant of the plaintiff's

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534

U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s

simplified pleading standard applies to all civil actions, with limited

exceptions.").  Pro se complaints are held to less stringent standards than

those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th

Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594,

596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide

sufficient notice of the claim and the grounds upon which it rests so that a

"largely groundless claim" does not proceed through discovery and "take

up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc.

v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)

(quoted in Twombly, 550 U.S. at 558).

**Analysis**

**1.     Service**

        Defendant filed the motion to dismiss on August 27, 2021, just

seventeen (17) days after Plaintiff filed this case.  ECF No. 6.  Defendant's

motion contends that Caliber was not served with either the summons or

Plaintiff's "petition" and, thus, the Court does not have personal jurisdiction

over the Defendant.  ECF No. 6 at 3-4.  Nothing has been filed on the

docket to show that Defendant Caliber Home Loans, Inc., waived service of process, nor has Plaintiff claimed that he requested the Defendant waive formal service.  Indeed, Plaintiff requested a summons from the Clerk's Office even before the Court reviewed the complaint.  Thus, Plaintiff must demonstrate that Caliber was properly served with process.

Rule 4(h) permits service of process on an incorporated business in one of two ways.  First, a defendant may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  To comply, a process server must do one of three things: (1) deliver "a copy of the summons and of the complaint to the individual personally;" (2) leave "a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) deliver "a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  The third option of Rule 4(e) corresponds with the second option of Rule 4(h) - that is, the Defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so

requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

In response to Defendant's motion, Plaintiff stated only that "Caliber was served Postal Mail via Certificate of Service." ECF No. 16 at 3. That is a vague and conclusory assertion, unsupported by a clear statement of facts stating how and when Plaintiff believes service was carried out. More importantly, Plaintiff's assertion does not demonstrate that the Defendant, Caliber Home Loans, Inc., was served with an identical copy of the case initiating "petition" and summons issued by this Court. None of the options listed above permits a Plaintiff to serve a Defendant by "postal mail" unless an officer or agent is <u>also</u> delivered a copy of the summons and complaint. Fed. R. Civ. P. 4(h)(1)(B). Plaintiff has not shown that Defendant's agent was served with process.

Pro se pleadings are held to a less stringent standard than pleadings filed by lawyers and, therefore, they are liberally construed. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, pro se litigants are still required to conform to procedural rules. <u>Albra v. Advan</u>, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Case No. 4:21cv329-AW-MAF

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). "[T]he failure to serve a defendant with process impacts a district court's ability to adjudicate the complaint against that defendant . . . ." Hulsey v. Alabama, 815 F. App'x 456 (11th Cir. 2020) (citing Fed. R. Civ. P. 4(m)). Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thomas v. Box, 231 F. App'x 858, 860 (11th Cir. 2007) (affirming dismissal of a complaint without prejudice for failure to timely serve a defendant under Rule 4(m)). Here, it is evident that the Defendant has not been properly served with process.

Even so, a plaintiff's failure to serve a defendant within that time frame is not the end of matter. Rule 4(m) goes on to provide that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In this case, Plaintiff has not shown good cause for the failure. Plaintiff has argued,

instead, that the Defendant was served properly.  However, Plaintiff did not comply with the guidance provided in the August 2021 order, ECF No. 4.  Thus, because Plaintiff has not demonstrated compliance with Rule 4 and has not shown good cause to be provided an extension of time, Defendant's motion to dismiss should be granted.  This Court lacks personal jurisdiction over the Defendant.

## 2.    Subject Matter Jurisdiction

Notwithstanding that the motion to dismiss should be granted as to the lack of personal jurisdiction over the Defendant, the Court has also considered whether subject matter jurisdiction exists.  Defendant argues that "Plaintiff has failed to establish any basis for federal subject matter jurisdiction."  ECF No. 6 at 4.  Defendant contends that "[n]ot only is the Petition bereft of any allegations of citizenship, but Plaintiff has also failed to raise any allegations that would meet the $75,000.00 threshold."  *Id.*  As for federal question jurisdiction, Defendant argues that "Plaintiff's allegations are largely incomprehensible" and Plaintiff provides "absolutely no facts whatsoever which might remotely demonstrate or support a federal claim."

In response, Plaintiff appears to argue that "jurisdiction cannot be rendered until Discovery . . . ." ECF No. 16 at 3. That is not correct; jurisdiction must be established at case initiation. Indeed, Rule 8 requires that a pleading "must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff's case initiating "petition" has been reviewed. ECF No. 1. It begins with a three-page document in which "Plaintiff requests the Defendant" produce "proof of claim" and address 15 questions. ECF No. 1 at 1-3. There is no statement concerning jurisdiction; the three-page petition fails to provide a factual basis for either federal question or diversity jurisdiction.

Attached to the petition is an "affidavit of notice of intent to sue" as well as an "affidavit of fact," an "affidavit of ultra virus contract,"   ECF No. 1 at 4-13, 21-25, 34-38, 46-51, 61-67. Those documents also do not provide any statements which set forth the grounds for the court's jurisdiction.[2] Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction should also be granted.

---

[2] The "affidavits" are also insufficient to function properly as such because they do not include statements of facts which are sworn to be true under the penalty of perjury, nor are they properly deemed to be "declarations" because they do not satisfy the requirements of a declaration pursuant to 28 U.S.C. § 1746.

Case No. 4:21cv329-AW-MAF

To the degree Plaintiff asserted a basis for jurisdiction in his response to the motion to dismiss, *see* ECF No. 16, those assertions are also insufficient.  Plaintiff's response claimed that "Caliber Home Loans also violated The Real Estate Settlement Procedures Act and all of the listed violations are Federal Laws and establishes Federal Question Subject Matter Jurisdiction and allows the court to assert jurisdiction over this matter pursuant to 28 U.S. Code § 1331."  *Id.*  However, Plaintiff does not provide facts which demonstrate the violation of any specific federal law or procedure, nor does Plaintiff clearly allege a specific right or duty that has been violated.

In addition, Plaintiff claimed that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because "Defendant is an entity of a State outside of Florida" and Plaintiff seeks more than $75,000.00 in damages.  *Id.* at 3-4.  However, Plaintiff has not provided any facts which demonstrate the matter in controversy exceeds the sum or value of $75,000.  Notably, Plaintiff's "petition" stated at the top that it was brought to verify a debt or "demand release of claim."  ECF No. 1 at 1.  Plaintiff specifically asserted the case was for "no value."  *Id.*  Plaintiff did not include a request for any monetary damages and sought only a court order to require the "Defendant to

release all claims against Plaintiff and grant rightful remedies due to Plaintiff."  *Id.* at 3.  Plaintiff has not demonstrated that either federal question jurisdiction or diversity jurisdiction exists.

Moreover, the arguments set forth in Plaintiff's response are frivolous. Essentially, Plaintiff has argued that "Banks cannot lend their own credit" and corporations are fictitious entities "that cannot verify, own, or have security interest in Property."  ECF No. 16 at 3.  Those arguments are not correct and Plaintiff did not provide any support for his assertions.[3]

Plaintiff's response also contends that Caliber Home Loans improperly "made [him] believe that there was an amount due every month by sending billing statements through U.S. Mail with an amount disclosed to be payable to 'Caliber Home Loans' in order to keep possession of the property which is Fraud and Swindles . . . [and] extortion and embezzlement."  *Id.* at 4-5.  Plaintiff has argued that the Defendant "deceived" him into believing he must "pay them every month for a property they don't own which is extortion."  *Id.* at 5.  Any such challenges have not properly been brought to this Court.  The case initiating "petition" (more

---

[3] Defendant refers to Plaintiff as female, ECF No. 6, but Plaintiff's "affidavit" reveals Plaintiff is "a man, Ashley M. Williams, Sui Juris."  ECF No. 1 at 4.

Case No. 4:21cv329-AW-MAF

properly deemed to be a "complaint") failed to assert a basis for subject matter jurisdiction, and the complaint did not present "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8.  Plaintiff's complaint is devoid of factual allegations and, instead, sought only to have the Defendant produce certain evidentiary items such as prove the Defendant is the "note holder" and show Defendant is "in fact a Creditor."  *See* ECF No. 1 at 1.  Plaintiff questioned whether Defendant was "complying with the Federal Reserve Bank's policies and procedures when issuing credit and charging interest," but Plaintiff did not allege a specific violation.  Plaintiff asked other questions, *see* ECF No. 1 at 2, but doing so does not comply with Rule 8 and does not provide sufficient notice of the claim and the grounds upon which it rests.  Because Plaintiff has not shown he is entitled to relief, this case should be dismissed without prejudice.

## **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 6, be **GRANTED** and Plaintiff's complaint, ECF No. 1, be **DISMISSED** for lack of subject matter jurisdiction, lack of personal

Case No. 4:21cv329-AW-MAF

jurisdiction for failure to serve the complaint within 90 days, and for failure

to state a claim as required by Rule 8.

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2021.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**